SHEPPARD MULLIN RICHTER & HAMPTON LLP
KENT R. RAYGOR, Cal. Bar No. 117224
RICHARD W. BRUNETTE, JR, Cal. Bar No. 81621
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:  (310) 228-3700
Facsimile:  (310) 228-3701
Email:      kraygor@sheppardmullin.com
            rbrunette@sheppardmullin.com
            baigboboh@sheppardmullin.com

Attorneys for Plaintiffs and Counterdefendants REBEL MEDIA LTD. and NO GOOD ENTERTAINMENT, INC. and Counterdefendant KOUROSH TAJ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| REBEL MEDIA LTD., a United Kingdom entity; NO GOOD ENTERTAINMENT, INC., a California corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>JAY VIR, an individual also known as "JAY R. VIR" and "JANAK VIBHAKAR"; NO GOOD DIGITAL, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. CV 12-04602-R-JC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:   May 25, 2012<br>Counterclaims Filed:   July 13, 2012 |
| JAY VIR, an individual; and NO GOOD DIGITAL, INC., a California corporation,<br><br>          Counterclaimants,<br><br>     v.<br><br>REBEL MEDIA LTD., a United Kingdom entity; NO GOOD ENTERTAINMENT, INC., a California corporation; KOUROSH TAJ, and individual; CHRISTIAN HERLES, and individual; and ROES 1 through 10 inclusive,<br><br>          Counterdefendants. | |

WHEREAS, disclosure and discovery activity in this action, *Rebel Media Ltd. and No Good Entertainment, Inc. v. Jay Vir and No Good Digital, Inc.*, Case No. CV 12-04602-R-JC (hereinafter, the "**Action**") may involve production of confidential and proprietary business and financial information for which special protection from public disclosure, disclosure amongst parties who are or may be in competition, and use for any purpose other than prosecuting this litigation may be warranted; and

WHEREAS, the parties acknowledge that this Stipulated Protective Order (hereinafter, the "**Protective Order**") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles;

NOW THEREFORE, the parties hereby stipulate to and request the Court to enter the following Protective Order:

1.   As used in this order, "Confidential Material" shall mean any document, portion of a document, evidence, or other information that the party producing the discovery (hereinafter "**Producing Party**") believes in good faith to include (a) confidential and proprietary business or financial information, the public disclosure of which would cause significant competitive harm; (b) data derived from such confidential information and proprietary business or financial information, including any summaries, compilations, quotes, or paraphrases thereof; or (c) any type of private individual or personal information that has not been made generally available to the public and that is protected by Section 1 of the CALIFORNIA CONSTITUTION, including, but not limited to, social security numbers and information about salary or other compensation.  Confidential Material may be made subject to the Protective Order by marking documents, discovery responses, declarations, affidavits, briefs, memoranda, or other material by affixing the legend "CONFIDENTIAL UNDER PROTECTIVE ORDER" or a similar marking.

2.  As used in this Protective Order, "Highly Confidential Material" shall mean any document, portion of document, evidence, or other information that the Producing Party believes in good faith includes (a) trade secret information (as defined in CALIFORNIA CIVIL CODE § 3426.1(d)), the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means; or (b) information the disclosure of which would cause serious financial, competitive, or reputational injury to the producing party that cannot otherwise be sufficiently protected by a "Confidential Material" designation under this Protective Order.  If only a portion of a document contains matter that meets either of these standards, then only that portion will be designated as containing "Highly Confidential Material", and the balance of the document will either not be designated or will be designated as containing "Confidential Material".  Highly Confidential Material may be made subject to the Protective Order by marking documents, discovery responses, declarations, affidavits, briefs, memoranda, or other material by affixing the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER PROTECTIVE ORDER" or a similar marking.

3.  Each party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified and that cause a party receiving the Confidential Material or Highly Confidential Material (hereinafter "**Receiving Party**") to incur undue expense to challenge the designation will expose the Producing Party to sanctions.

- 2 -

Rebel Media, LTD, et al. v. Jay Vir, et al.                                   Stipulated Protective Order
CV 12-04602-R-JC

4. Inadvertent failure to designate any information, documents or materials as Confidential Material or Highly Confidential Material shall not waive the Producing Party's right to later designate such information, documents or materials as Confidential Material or Highly Confidential Material, provided that such designation is made promptly upon discovery of the inadvertent failure. Once notified of the inadvertent failure, all parties shall treat the late-designated information, documents or materials as Confidential Material or Highly Confidential Material under the terms of this Protective Order.

5. Confidential Material and Highly Confidential Material (a) shall not be used for any purpose unrelated to this litigation by the Receiving Party and (b) shall not be made public or disclosed to third parties in connection with any pre-trial proceedings, except as described in Paragraph 6 herein.

6. Disclosure of Confidential Material shall be limited to the following:

(a) the parties and their employees;

(b) the parties' outside counsel and personnel employed by outside counsel in this Action;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and independent litigation support vendors to whom disclosure is reasonably necessary for this litigation; and

(e) independent experts or consultants to whom disclosure is reasonably necessary for this litigation; and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided that the intent to disclose the information is first disclosed to counsel defending the deposition to enable that opposing party to seek a protective order, if necessary, before such disclosure.

7. Disclosure of Highly Confidential Material shall be limited to the persons identified in subparagraphs 6(b) through 6(f).

8.   Each (a) outside vendor authorized pursuant to Paragraph 6(d), *supra*, (b) expert or consultant authorized pursuant to Paragraph 6(e), *supra*, and (c) deponent authorized pursuant to Paragraph 6(f), *supra*, shall, prior to or concurrently with being given access to Confidential Material and/or Highly Confidential Material, acknowledge in writing his or her familiarity with the terms of this Protective Order and execute the Agreement to Comply with Stipulated Protective Order, attached hereto as **Exhibit A**.

9.   In all pre-trial filings, the Receiving Party shall file Confidential Material and Highly Confidential Material it has received from the Producing Party according to the procedures set forth in Local Rule 79-5.  This Protective Order shall not govern the procedures for the introduction of exhibits at trial or the sealing of the record at trial, without prejudice to any party's ability to seek protection for, or limit disclosure of, sensitive or confidential material at trial to the extent permitted by law.

10.   In the case of depositions, if a question contains, or if a question calls for an answer that contains, or if an exhibit contains Confidential Material or Highly Confidential Material, counsel may designate on the record during the deposition the information that contains Confidential Material or Highly Confidential Material that is to be made subject to the provisions of this Order.  The court reporter shall be instructed to mark the deposition transcript accordingly.

11.   In the event that any Receiving Party receives a subpoena or other process or order to produce Confidential Material or Highly Confidential Material, such party shall notify the counsel of record of the Producing Party of the document sought by such subpoena or other process or order, and shall provide counsel for the Producing Party a copy of said subpoena, process, or order.  The party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order.  The party receiving the subpoena, process, or order shall be entitled to comply with it except to the extent the Producing Party asserting the confidential

- 4 -

1  treatment is successful in obtaining an order modifying or quashing such subpoena,
2  process, or order.

3      12.   Nothing herein shall be construed as affecting any party's ability to use
4  any information designated as Confidential Material or Highly Confidential Material
5  under this Protective Order if the Receiving Party can show that the information:  (a)
6  is at the time of disclosure, or thereafter becomes, through no act or omission by the
7  Receiving Party or its employees, a part of the public domain; (b) is subsequently
8  independently developed by the Receiving Party without reliance on the Confidential
9  Material or Highly Confidential Material or was in the Receiving Party's lawful
10 possession prior to disclosure; or (c) was lawfully disclosed to the Receiving Party by
11 a non-party that did not acquire the information under an obligation of confidentiality
12 from or through the Producing Party.

13     13.   Nothing herein, nor acceptance by a Receiving Party of Confidential
14 Material or Highly Confidential Material with or without a challenge to the
15 confidentiality designation, shall be construed as an agreement or admission that any
16 information, document, or other item designated as Confidential Material or Highly
17 Confidential Material is in fact confidential, trade secret, or competitively-sensitive
18 material.  If a party to this Protective Order seeks to contest the designation of any
19 information, materials or documents designated by another party as Confidential
20 Material or Highly Confidential Material, that party shall notify the Producing Party
21 of the specific documents whose designation is contested (notice via email shall be
22 sufficient and deemed delivered on the date the email is sent).  The parties shall then
23 meet and confer within ten days of notice of the objection to attempt to informally
24 resolve the dispute.  If the parties are unable to resolve the dispute, then within ten
25 days of that meet and confer, the contested designation shall automatically be
26 downgraded or removed (as applicable) unless the Producing Party seeks to affirm its
27 designation by commencing the C.D. Cal. Local Rule 37 discovery motion process by
28 submitting its part of the Local Rule 37-2-2 joint stipulation to the non-designating

1  party.  Such motion shall be accompanied by a declaration demonstrating a reasonable
2  and good faith effort to informally resolve the dispute.  In any challenge to the
3  designation of Confidential Material or Highly Confidential Material, the proponent
4  of the Confidential Material or Highly Confidential Material designation shall bear
5  the burden of proof and must justify the propriety of the designation.

6      14.     Within thirty (30) days of the conclusion of this Action, including any
7  appeals, all Confidential Material and Highly Confidential Material shall be destroyed
8  by the Receiving Party.  Notwithstanding the foregoing, outside counsel of record for
9  each party may retain for its archives (a) one full set of copies of all pleadings,
10 affidavits, declarations, briefs, memoranda, expert reports, and exhibits and other
11 papers filed in this Action; (b) one set of transcripts of all testimony taken at any
12 depositions, hearings or trial (with exhibits); and (c) all of its own work product
13 generated in connection with this Action.

14     15.     Court's Jurisdiction.  The Court retains jurisdiction to make such
15 amendments, modifications, deletions and additions to this Protective Order as the
16 Court may from time to time deem appropriate.

17     16.     Amendment.  Either party may move the Court to amend this Protective
18 Order at any time.  Moreover, parties entering into this Stipulation and
19 Protective Order will not be deemed to have waived any of their rights to seek later
20 amendment to this Order.

- 6 -

| | | |
|---|---|---|
| 1 | Dated: February 19, 2013 | SHEPPARD MULLIN RICHTER & HAMPTON LLP |

By: */s/ Kent R. Raygor*
　　Kent R. Raygor
　　Attorneys for Plaintiffs and
　　Counterdefendants REBEL MEDIA LTD.
　　and NO GOOD ENTERTAINMENT, INC.
　　and Counterdefendant KOROUSH TAJ

Dated: February 19, 2013         KAWAHITO SHRAGA & WESTRICK LLP

By: */s/ David R. Shraga*
　　David R. Shraga
　　Attorneys for Defendants and
　　Counterclaimants JAY VIR and NO GOOD
　　DIGITAL, INC..

**Order**

**IT IS SO ORDERED.**   _____Feb. 26, 2013_____
Honorable Manuel Real
Judge, United States District Court

- 7 -

# EXHIBIT A

## AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

I, _____, hereby affirm the following:

1. My address is _____. My telephone number is (_____) _____ - _____.

2. I have read and I understand the Stipulated Protective Order ("**Protective Order**"), entered in this action, and I agree to be bound by its terms.

3. I understand that this Protective Order requires me not to disclose any information designated as CONFIDENTIAL UNDER PROTECTIVE ORDER or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY UNDER PROTECTIVE ORDER that is provided to me in the course of my involvement in this litigation to any person not authorized by this Protective Order to receive such information.

4. I agree that I shall return all documents containing any information designated as CONFIDENTIAL UNDER PROTECTIVE ORDER or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY UNDER PROTECTIVE ORDER that have been provided to me, together with any work product including such information designated as CONFIDENTIAL UNDER PROTECTIVE ORDER or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY UNDER PROTECTIVE ORDER upon demand by the Court or the counsel or party or third party who furnished such information to me.

5. In addition, I consent to the jurisdiction of the United States District Court for the Central District of California, Western Division, with respect to any actions of any kind whatsoever relative to the enforcement of the Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

- 1 -

Rebel Media, LTD, et al. v. Jay Vir, et al.                                              Stipulated Protective Order
CV 12-04602-R-JC

- 2 -

1      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed this ___ day of _____, 20__, at _____, _____.

_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 2 -

Rebel Media, LTD, et al. v. Jay Vir, et al.      Stipulated Protective Order
CV 12-04602-R-JC